UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| APPROXIMATELY $50,455.95 IN U.S. | § | |
| CURRENCY SEIZED FROM CITIBANK | § | |
| ACCOUNT NO. XXXXX6919 AND | § | |
| APPROXIMATELY $781,947.87 SEIZED | § | |
| FROM BANK OF AMERICA ACCOUNT | § | |
| NO. XXXXXXX1390 | § | |
|    Defendants | § | |

## **COMPLAINT FOR FORFEITURE IN REM**

The United States files this action for forfeiture *in rem* and alleges upon information and belief:

*Nature of the Action*

1. This is an *in rem* action to forfeit property to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

*Defendant Property*

2. The Defendants (collectively, the "Defendant Funds") are:

   a. Approximately $50,455.95 in U.S. currency seized from Citibank, N.A. Account No. XXXXX6919; and

   b. Approximately $781,947.87 in U.S. currency seized from Bank of America Account No. XXXXXXX1390.

1

3. The United States Secret Service seized the $781,947.87 from Bank of America Account No. XXXXXXX1390 pursuant to a seizure warrant executed in or about November 2017 and the $50,455.95 from Citibank, N.A. Account No. XXXXX6919 pursuant to a seizure warrant executed in or about December 2017. The Defendant Funds are presently being held in an account maintained by the United States Department of the Treasury.

*Jurisdiction and Venue*

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

*Statutory Basis for Forfeiture*

6. The Defendant Funds are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." A violation of 18 U.S.C. § 1343 (wire fraud) is a "specified unlawful activity" pursuant to 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1). With regard to civil forfeiture of fungible property such as money in a bank account, 18 U.S.C. § 984 provides that funds deposited in an account in a financial institution that are found in the same account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture so long as the action is commenced within one year from the date of the offense.

*Facts*

7. On or about October 12, 2017, hacker(s) obtained unauthorized access to an email account belonging to an Oklahoma energy corporation that has a corporate office in Houston, Texas (the "Energy Company").

8. Fraudulent emails were subsequently sent to some of the Energy Company's clients, informing them that the Energy Company had changed its bank account for payments and instructing them to pay their bills. As a result, payments were made to accounts not associated with the Energy Company.

Citibank, N.A. Account No. XXXXX6919

9. One of the Energy Company's clients received a fraudulent email with instructions to send its payment to Citibank, N.A. Account No. XXXXX6919 (the "Citibank Account"), which is an attorney escrow account. Neither the Citibank Account nor the accountholder is associated with the Energy Company.

10. As a result of the fraudulent email, the client electronically transferred approximately $425,374.47 to the Citibank Account on or about October 27, 2017. Those funds constitute proceeds of wire fraud.

11. Days after the Energy Company's client transferred $425,374.47 to the Citibank Account, approximately $375,000 was wire transferred from the Citibank Account to bank accounts in China, including approximately $205,000 to a bank account in China on or about October 31, 2017 and approximately $170,000 to a separate bank in China on or about November 2, 2017.

12. Prior to the transfer of funds from the Energy Company's client, there were only minimal deposits (less than $300) to the Citibank Account.

Bank of America Account No. XXXXXXX1390

13. On or about October 20, 2017 (about a week after the Energy Company's email account was compromised), an entity was incorporated in North Carolina under the same name as the Energy Company, but with a corporate headquarters located in Raleigh, North Carolina. On the same date, Bank of America Account No. XXXXXXX1390 was opened in the same name as the Energy Company (the "Bank of America Account"). Neither the North Carolina entity nor the Bank of America Account is affiliated with the Energy Company.

14. Two clients of the Energy Company electronically transferred an approximate total of $782,160.43 into the Bank of America Account. One client electronically transferred approximately $545,950.15 into the Bank of America Account on or about November 8, 2017 and approximately $57,155.62 into the Bank of America Account on or about November 14, 2017, and another client electronically transferred approximately $179,054.66 into the Bank of America Account on or about November 9, 2017. Such money constitutes proceeds of wire fraud.

*Conclusion*

15. The $50,455.95 seized from the Citibank Account and the $781,947.87 seized from the Bank of America Account constitute wire fraud proceeds and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

*Notice to Any Potential Claimants*

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Funds which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A verified claim must be filed no later than

thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

*Request for Relief*

Wherefore, the United States of America requests that judgment of forfeiture be entered against the Defendant Funds in favor of the United States of America under 18 U.S.C. § 981(a)(1)(C) in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By:   s/Lori S. Roth
Susan Kempner
SDTX Bar No. 6507
Lori S. Roth
SDTX Bar No. 1383270
Assistant United States Attorneys
United States Attorney's Office
1000 Louisiana, Suite 2300
Houston, TX 77002
Telephone: (713) 567-9000

*Verification*

I, Steven Moran, a Special Agent with the United States Secret Service, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in paragraph 3 and paragraphs 7 through 14 in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on January 25, 2018.

_____
Steven Moran, Special Agent
United States Secret Service